UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TREE TOP, INC., a Washington corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>NATURIPE FOODS, LLC, a Delaware domestic limited liability company,<br><br>              Defendant. | CASE NO.: 1:14-CV-3103-TOR<br><br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the parties' stipulation for entry of a protective order (ECF No. 26). The parties represent that certain information in this matter may be disclosed which may contain proprietary, confidential, private, technical, trade secret or otherwise non-public information. To protect such information from unauthorized disclosure the parties stipulate as follows:

1.      **Definitions. As used in this Protective Order:**

      a. The term "Material" means any written, reported, or graphic matter, however stored, produced, or reproduced, including, but not limited

PROTECTIVE ORDER ~ 1

to, testimony at depositions upon oral examination or upon written

questions, answers to interrogatories, information obtained from the

inspection of premises, tangible objects, or documents, answers to requests

for admission, and anything that is a "writing" under Rule 1001, Federal

Rules of Evidence, and includes information set forth in responses to

discovery requests, and deposition testimony, and any Material produced

during discovery or otherwise.

b. The term "Provides" means the production, delivery, or transfer

of any material, voluntarily or involuntarily, regardless of whether it is

performed pursuant to a request or subpoena.

c. The term "Action" means the case entitled *TREE TOP, INC., a*

*Washington corporation, Plaintiff, vs. NATURIPE FOODS, LLC, a*

*Delaware domestic limited liability company, Defendant*, United States

District Court Eastern District of Washington, Case No. 1:14-CV-03103-

TOR.

d. The term "Confidential Information" means all Materials, items,

testimony, or information provided, produced, or conveyed by any party in

connection with this Action that constitutes or discloses trade secrets

regarding TREE TOP, INC., a Washington corporation; NATURIPE

FOODS, LLC, a Delaware domestic limited liability company and/or

information that the party determines or designates as confidential, private, proprietary, or trade secret.

e. The term "Defendant" shall mean Defendant, NATURIPE FOODS, LLC, a Delaware domestic limited liability company and includes the Defendant's current and former employees, agents, managers, officers, and directors.

f. "Plaintiff" shall mean TREE TOP, INC., a Washington corporation, and includes the Plaintiff's current and former employees, agents, managers, officers, and directors.

**2.      Designation of Confidential Material.**

a. Any party who provides any Materials or information which contains Confidential Information may designate such Material as confidential at the time of production by stamping or affixing the Material with the following legend:

**"CONFIDENTIAL"**

b. Information disclosed during depositions may be designated as Confidential Information on the record at the deposition.

//

//

//

**3.    Designation after Production.**

Any party may designate as confidential any Material that the party previously produced or disclosed without such designation or within 20 days of the execution of this Order by the Court, whichever occurs later. Any party may designate Materials as confidential by sending written notice of the designation and copies of the Material marked confidential to all persons in possession of the previously undesignated copies. Any party receiving the notice shall return to the designating party all undesignated copies of the Material, or shall designate all such copies in their possession. All Material produced by any party will be treated as confidential for the 20-day period after production to permit the party to seek protection for any Material.

**4.    Challenge to Confidentiality Designation.**

Any party who disagrees with a designation of confidentiality may, after attempting in good faith to resolve the dispute informally, apply to the Court for a ruling that a document or information is not entitled to such status and protection. Any motion filed with the Court relating to documents or information shall be filed in the manner prescribed by Paragraph 9 below.

**5.    Confidentiality of Designated Material.**

Material designated as confidential shall not be used for any purpose other than the prosecution or defense of this Action. Confidential Information shall only

be delivered, exhibited, or disclosed to the following persons:

       a. The named parties to this Action, including their current and former directors, officers, agents, and employees;

       b. Counsel for the named parties to this Action, and personnel employed by counsel who are assisting in the prosecution or defense of the Action;

       c.  Outside experts, consultants, or investigators retained by the parties to assist in connection with this litigation under the conditions described in Paragraph 6(a) below;

       d.  The United States District Court, Eastern District of Washington and its personnel, or other persons acting on its behalf, in accordance with the provisions of Paragraph 9 below;

       e.  Stenographic reporters engaged for proceedings in connection with this action, and their staff, provided that the reporters and their staff have executed a copy of the "Agreement to be Bound by Protective Order" attached hereto as Exhibit "A"; and

       f.  Any mediator retained by the parties in this action, provided that the mediator executes a copy of the "Agreement to be Bound by Protective Order" attached hereto as Exhibit "A".

       g.  Any deposition, trial, or hearing witness in the Action who

PROTECTIVE ORDER ~ 5

previously has had access to the specified documents or who has otherwise

acted as an agent, employee, consultant, or advisor to the party that produced

the documents, materials, or information.

**6.    Disclosure of Confidential Information to Experts, Consultants,**

**Investigators, and Third Party Witnesses**

a.  Disclosure of Confidential Information to Experts, Consultants and

Investigators: Before a receiving party discloses a conveying party's

Confidential Information to any expert, consultant or investigator, the

expert, consultant, or investigator must certify that he or she has read this

Protective Order and must sign a copy of the "Agreement to be Bound by

Protective Order" attached as Exhibit "A".  Once a person has executed the

Agreement to be Bound by Protective Order, it shall not be necessary for

that person to sign a separate agreement each time he or she is subsequently

given access to Confidential Information.  An expert or consultant who is

shown Confidential Information may retain copies of the Confidential

Information subject to the provisions of Paragraph 7 below.

b.  Retention of Agreements: The original, executed Agreement to be

Bound by Protective Order signed by persons receiving Confidential

Information pursuant to Paragraph 6 shall be maintained by the attorney of

record who obtained the agreement.

1        **7.        Completion of Litigation.**

2            Upon the completion of all proceedings in this Action, including the

3    expiration of all rights to judicial review, all Confidential Information shall either:

4    (1) be tendered back to the person who produced it; or (2) be destroyed.  The

5    parties are not required to return or destroy any pleadings, discovery requests,

6    documents filed with the Court, or attorney work-product.  The provisions of this

7    Protective Order restricting the dissemination, exhibition, or other use of

8    confidential Material shall continue to be binding on any person subject to the

9    terms of this Protective Order after the conclusion of this Action.

10       **8.        Right to Seek Relief from the Court.**

11            Nothing in this Protective Order shall be deemed to limit, prejudice, or

12   waive any right of any party or person: (I) to resist or compel discovery with

13   respect to, or to seek to obtain additional or different protection for, Material

14   claimed to be protected by work product or any applicable privilege, Material as to

15   which the person or party claims a legal obligation not to disclose, or Material not

16   required to be produced pursuant to governing laws and rules; (ii) to seek to

17   modify or obtain relief from any aspect of this Protective Order; (iii) to object to

18   the use, relevance, or admissibility at trial of any evidence, whether or not

19   comprised of Confidential Information governed by this Protective Order; (iv)

20   otherwise to require that discovery be conducted according to governing laws and

rules; or (v) to oppose production of any information on any ground allowed under the Federal Rules of Civil Procedure, or any other state or federal law, rule, or regulation.

**9.     Filing Confidential Documents with the Court.**

Any party filing a document or thing with the Court that contains Confidential Information, including without limitation any brief or memorandum, must do so pursuant to Rule 26(c), Federal Rules of Civil Procedure and the provisions of this Paragraph.

a.  A party seeking to file any document or thing that contains Confidential Information shall bring an ex parte application requesting that the Court file such documents under seal.  If the information requested to be filed under seal has previously been designated as Confidential Information pursuant to this Protective Order, and no one has successfully challenged such designation, then no party shall file an objection or opposition to the ex parte application.

b.  Any Material designated confidential sought to be filed with the Court should be lodged with ex parte application, unless otherwise ordered.

c.  Materials lodged pursuant to these provisions shall be lodged in a sealed envelope marked with the caption of the case and the following notation:

**Contains Confidential Information**
**Subject to a Motion to File the Record Under Seal**
**Pursuant to Rule 26(c), Federal Rules of Civil Procedure**
**To Be Only Opened By**
**Or As Directed By The Court**
**CONDITIONALLY UNDER SEAL**

d.  Pending determination of the ex parte application, the lodged

Material shall remain under seal.

e.  If the Court grants ex parte application, then the Material

designated as Confidential Information shall be sealed and the Court Clerk

shall substitute on the envelope containing the Confidential Information the

following label:

**Contains Confidential Information**
**Filed Under Seal Pursuant To Court Order**
**To Be Opened By Or As Directed By The Court**

f.  A copy of this Protective Order shall be submitted with the lodged

Materials.

g.    Additional Information or Changes:

(i)    Any party filing Confidential material with the Court

(whether in pleadings, declarations, exhibits, or otherwise) will first if feasible

determine, prior to filing any motion to seal, and in consultation with the

designating party, as appropriate, whether the document may be filed in redacted

form.  If, however, redaction is not feasible based on the nature of the document or

the purpose of it being submitted to the Court, either prior to or contemporaneously

with filing these documents in a sealed manner, the party relying on the document

shall file a motion to seal any Confidential material, regardless of which party has

designated the materials as such.  Such a motion to seal shall be noted for

consideration after filing in accordance with LR 7.1.  The party filing the motion to

seal shall include an explanation justifying sealing the designated documents.  If

any documents or information included in the court filing were designated or

Confidential by a non-moving party, that party may file a response in support of

the motion to seal no later than two (2) judicial days before the hearing date

showing why such materials should also be sealed.

              (ii)    If the Court denies a motion to seal documents containing

Confidential material, the sealed document will be unsealed unless the Court

orders otherwise, or unless the party filing such material, after notifying the

opposing party within two (2) judicial days of the Court's order, files a notice to

withdraw the documents.

      10.    Should the need arise during any hearing before the Court for any

party to disclose Confidential Information, it may do so only in camera or after

other appropriate safeguards are provided by the Court.

      11.    A person with custody of Confidential Information shall maintain it in

a manner that ensures that access to Confidential Information is strictly limited to

PROTECTIVE ORDER ~ 10

persons entitled to receive Confidential Information in accordance with this Protective Order.

12.    In the event that any party to this Agreement, or any of their attorneys or representatives, receives a subpoena or other process or order to produce Confidential Information produced by the adverse party in another action or proceeding, that party or their attorneys shall, no later than 14 days prior to compliance with the subpoena or other process or order notify the attorneys later than 14 days prior to compliance with the subpoena or other process or order notify the attorneys of record for adverse party and specify the information sought by the subpoena or other process or order.

13.    This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Information.

14.    This stipulation may be signed in counterparts.  A facsimile signature shall bear the same force and effect as an original signature.

15.    This Order shall be without prejudice to the right of any party to oppose protection of any information or object to its admissibility into evidence.

//

//

//

PROTECTIVE ORDER ~ 11

The District Court Clerk shall enter this order and furnish copies to counsel.

Dated November 23, 2015.



THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER ~ 12

**EXHIBIT "A"**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned _____ [print or type name], hereby acknowledges that he or she has received a copy of the Stipulation and Protective Order entered in connection with the actions pending in United States District Court, Eastern District of Washington:  TREE TOP, INC., a Washington corporation, Plaintiff vs. NATURIPE FOODS, LLC, a Delaware domestic limited liability company, Defendant, Case No. 14-2-02036-7., has read it, understands the limitations it imposes on the sue and disclosure of material or information designated as "Confidential Information", and agrees to be bound by all its provisions.

The undersigned understands that all Confidential Information as defined in this Protective Order, including without limitation, all copies thereof or notes made there from, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to the counsel for the party or other person who provided such Confidential Information.

_____

Date:_____

PROTECTIVE ORDER ~ 13